UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**MAX SPECIALTY**
**INSURANCE COMPANY, a Delaware**
**Corporation,**

    Petitioner,

v.                                                              Case No.  8:12-CV-00727-RAL-MAP

**A CLEAR TITLE AND ESCROW**
**EXCHANGE, LLC, a Florida Limited Liability**
**Company, JAMES GONDECK, PETER G.**
**O'MALLEY, SUNSTONE GROUP, LLC,**
**EYE IN THE SKY PICTURES, INC., LUCAS**
**FORD, WILSON DEVELOPMENT, LLC and**
**PHOENIX CARE LIMITED,**

    Respondents.
_____/

**MOTION FOR LEAVE TO JOIN IN MOTION TO SET ASIDE**
**ENTRY OF DEFAULT AND DEFAULT JUDGMENT AGAINST**
<u>**A CLEAR TITLE AND ESCROW EXCHANGE, LLC**</u>

    Respondent Eye in the Sky Pictures, Inc. ("ESP") moves this Court for leave to join in the "Motion to Set Aside Entry of Default and Default Judgment Against A Clear Title and Escrow Exchange, LLC" (Dkt. 33) filed by Respondents James Gondeck and Peter G. O'Malley.  The default judgment entered in this case without service on ESP must be set aside.  Grounds for this motion appear in the following memorandum of law.

<u>Memorandum of Law</u>

    ESP is and has been a named respondent in this action since the case was filed on April 5, 2012.  ESP, however, was never served with a summons or any other papers in this action.  ESP, therefore, was given no opportunity to appear and to be heard in opposition to the motion for default judgment (Dkt. 33).

Although ESP was never served, attorneys for ESP recently learned of this litigation and contacted counsel for Petitioner, Max Specialty Insurance Company ("Max"). Specifically, and as detailed in the accompanying Declaration of John Markham, ESP's counsel wrote and called Max's lawyer repeatedly beginning on September 25, 2012. Despite these inquiries on ESP's behalf, Max's attorney filed a declaration indicating that ESP could not be located (Dkt. 28) and avoided having substantive discussions with ESP's counsel for the next month. As a result, ESP was unaware of the October 1 request for a default (Dkt. 21), the subsequent motion for default judgment (Dkt. 24), and the subsequent amended motion (Dkt. 27).

For the reasons set forth in Mr. Markham's declaration, and based upon the arguments by Gondeck and O'Malley in their motion, ESP respectfully requests that this Court set aside the Default Judgment and allow Respondents to answer the Amended Complaint, so that all parties may be heard and Petitioner put to its proof regarding its unchallenged allegations. Max has acknowledged that ESP and the other Respondents "have asserted claims against [A Clear Title] and are therefore interested parties" (Dkt. 11 ¶ 10). Case law confirms that claimants such as ESP are interested parties. In fact, as Chief Judge Fawsett noted in granting relief from a default judgment in a similar case, "courts have given special weight to the principle that the injured party has a right, as a named defendant, to defend against an action brought by the plaintiff insurance company." Monticello Ins. Co. v. Dynabilt Mfg. Co., Inc., Case No. 6:05-CV-548-ORL-19-DAB, 2005 WL 3019241, at *3 (M.D. Fla. 2005). See also In re Haeger, 221 B.R. 548, 550-51 (Bankr. M.D. Fla. 1998) (allowing injured person to intervene in coverage litigation and postponing summary judgment hearing so that injured person could participate, and noting that injured person's claim could be influenced by decision in coverage dispute) (Paskay, C.J.).

Despite ESP's clear and acknowledged interest in this matter, Max did not inform ESP's counsel of the request for a default judgment until after that relief was granted. ESP, therefore, never had the opportunity to be heard on the question of whether "the subject insurance policy is void *ab initio*" and whether the case against ESP "is moot" (Dkt. 30 ¶ 3). Max, however, has now taken the position that, in light of the Default Judgment, ESP and the other Respondents "no longer have an interest in an insurance policy that was deemed null and void." (Dkt. 37 ¶ 16). Thus, ESP has been prejudiced by Max's obtaining a judgment without notice to ESP.

As another court in this circuit has noted, "If a defendant is not properly served, any subsequent judicial proceedings with regard to that defendant are invalid unless the defendant waives challenge to personal jurisdiction." Tedder v. Nat'l Con-Serv, Inc., CIV.00-380-AH-M, 2000 WL 1135117 (S.D. Ala. 2000). See also Padron Warehouse Corp. v. Realty Associates Fund III, L.P., 377 F. Supp. 2d 1259, 1275 (S.D. Fla. 2005) (refusing to enter default judgment against co-defendant who was not served with amended complaint). In this case, because ESP was not served and Max's default motion was not disclosed to ESP's counsel, Max was not entitled to an adjudication of the coverage issues that impact ESP's rights without notice to ESP.

<u>Conclusion</u>

Wherefore, ESP requests leave to join in Gondeck and O'Malley's motion (Dkt. 33), that the Default Judgment (Dkt. 31) be set aside, and that ESP be allowed to answer the Amended Complaint.

Dated:  November 15, 2012.

Respectfully submitted,

THOMAS & LOCICERO PL

<u>       s/ James B. Lake                        </u>
James B. Lake
  Florida Bar No. 23477
400 N. Ashley Dr., Suite 1100
Tampa, Florida  33602
Telephone:  (813) 984-3060

*Local Counsel* **for Eye in the Sky Pictures, Inc.**

and

John J.E. Markham, II
(*pro hac vice* application pending)
Bridget A. Zerner
(*pro hac vice* application pending)
MARKHAM & READ
One Commercial Wharf West
Boston, MA  02110
Telephone:  (617) 523-6329
Facsimile:   (617) 472-8604

*Trial Counsel* **for Eye in the Sky Pictures, Inc.**

## CERTIFICATE OF GOOD FAITH

Pursuant to Local Rule 3.01(g), I hereby certify that we have conferred with counsel for Max Specialty Insurance Company, James Gondeck, and Peter G. O'Malley regarding the relief sought in this motion. Attorneys for Gondeck and O'Malley agreed to the relief sought in this motion, but Max Specialty's counsel did not agree.

                                                                  s/ James B. Lake

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing motion will be served upon counsel of record by electronic service through the Clerk of the Court's CM/ECF filing system, and that the foregoing motion will be served via U.S. Mail to:

David G. Wix, Esq.
Tarpey Wix LLP
225 W. Wacker Dr., Ste. 1515
Chicago, IL 60606

Attorney for Defendant James Gondeck
and Peter G. O'Malley

                                                                   s/ James B. Lake