**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

MAX SPECIALITY INSURANCE
COMPANY,

       Plaintiff,

v.                                                    CASE NO: 8:12-cv-727-T-26MAP

A CLEAR TITLE AND ESCROW EXCHANGE LLC,
JAMES GONDECK, PETER G. O'MALLEY,
SUNSTONE GROUP LLC, EYE IN THE SKY
PICTURES, INC., QUEST CAPITAL, WILSON
DEVELOPMENT, LLC, and PHOENIX
CARE LIMITED,

       Defendants.
_____/

**O R D E R**

    Before the Court are the following submissions: (1) the Motion to Set Aside Entry

of Default and Default Final Judgment Against A Clear Title and Escrow Exchange, LLC

(A Clear Title) filed by James Gondeck and Peter G. O'Malley (Dkt. 33), the

Memorandum in Opposition filed by Max Specialty Insurance Company (Max Specialty)

(Dkt. 37), and the Reply filed by Gondeck and O'Malley (Dkt. 49); and (2) the

Memorandum in Opposition filed by Max Specialty addressing Eye in the Sky Pictures,

Inc.'s position with regard to setting aside the entry of default and default final judgment against A Clear Title (Dkt. 46).[1]

## PERTINENT FACTS

Plaintiff Max Specialty filed this action for declaratory relief and rescission of an insurance policy issued to A Clear Title, based on misrepresentation and concealment concerning the employment of Keith Brown.[2]  Max Specialty was given until October 17, 2012, within which to amend the complaint and to serve all Respondents in this case.[3] The Amended Complaint sets forth four counts: (1) in count I, a declaratory judgment for rescission; (2) in count II, a declaratory judgment as to Quest Capital for the President of A Clear Title's misappropriation of transaction funds held in escrow relating to the Quest Capital transaction; (3) in count III, a declaratory judgment for misappropriation as to the Sunstone Group claim; and (4) in count IV, a declaratory judgment for misappropriation as to the James Gondeck transaction.[4]  The executed returns of service filed in the court file show that service was made on Peter G. O'Malley and James Gondeck by substitute

---

[1]  This Court previously granted the Motion for Leave to Join in the Motion to Set Aside Entry of Default and Default Judgment filed by Eye in the Sky Pictures, Inc., filed at docket 42.  See docket 45.  In the order of November 16, 2012, this Court ordered the response filed at docket 46.

[2]  See docket 1.

[3]  See docket 10, Order dated August 17, 2012.

[4]  See docket 11.

service on August 30, 2012;[5] on Sunstone Group, LLC, by substitute service on

September 19, 2012;[6] and on A Clear Title on August 24, 2012.[7]  Service was never made

on Eye in the Sky Pictures, Inc. (ESP) or Quest Capitol.[8]

      Max Specialty moved for entry of a clerk's default against A Clear Title on

October 1, 2012.[9]  A clerk's default was entered on October 1, 2012.[10]  Max Specialty

moved for a default judgment with an appropriate affidavit of Ryan Hale, who was a

claim's manager for the insurance company that issued the Max Specialty escrow agents

professional liability insurance for coverage of A Clear Title.[11]  Hale averred that A Clear

Title did not disclose on the application for insurance that Keith Brown was an employee

and acting as an escrow officer on behalf of A Clear Title.[12]  Based on this

misrepresentation and concealment by A Clear Title, Max Specialty sought a declaration

that it is entitled to rescission and moved for default final judgment on October 4, 2012.[13]

---

[5]  See dockets 17 & 18.

[6]  See docket 20.

[7]  See docket 19.

[8]  See dockets 28 & 29.

[9]  See docket 21.

[10]  See docket 23.

[11]  See dockets 26 & 27.

[12]  See docket 26 at para. 3.

[13]  See docket 27.

This Court entered an order on October 5, 2012, determining the insurance policy void *ab initio* and rescinded, returning the parties to the status *quo ante*. The case was deemed moot as to the remaining Respondents and was dismissed. The actual default final judgment was entered on October 9, 2012.[14]

Gondeck and O'Malley,[15] joined by ESP,[16] seek to set aside the default and the default judgment. Gondeck and O'Malley's motion reveals that discussions between their attorney and the attorney for Max Specialty began at least as early as May 14, 2012, in an email which memorializes that their attorney agreed to accept service on their behalf.[17] Before that time, however, Gondeck and O'Malley had sued A Clear Title in the Northern District of Illinois, and discussions had occurred between the two attorneys as early as November 2011 with respect to the demands for coverage under the policy at issue. Later, on September 11, 2012, Gondeck and O'Malley's attorney sent an email to the attorney for Max Specialty, noting that he had received the amended complaint in this case and needed an extension of time to file an answer.[18] He requested a two-week

---

[14]  See docket 31.

[15]  Gondeck and O'Malley apparently seek the return of escrow monies that were deposited with A Clear Title in connection with certain transactions.

[16]  ESP claims $200,000.00 that was placed in escrow with A Clear Title in April 2011.

[17]  See docket 33-1.

[18]  See docket 33-2.

extension to at least September 26, 2012.  During this two-week time period he continued to look for a suitable attorney to represent them in this case, and he also attempted to request computer docketing login information in order to file a motion *pro hac vice*.[19]  He asserts that an actual two-week extension would have given him until October 4, 2012, within which to file an answer.  He argues that the filing of the motion for clerk's default on October 1, 2012, without notice, denies Gondeck and O'Malley the opportunity to be heard on the merits.  This motion was filed on behalf of Gondeck and O'Malley on October 29, 2012, twenty days after the entry of judgment, and three days after their new attorney filed a notice of appearance.[20]

## STANDARD OF REVIEW

This motion to set aside a default and default judgment is based on Rules 55(c) and 60(b)(1) of the Federal Rules of Civil Procedure.  Rule 55(c) provides that "[t]he court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)."  The standard of review for setting aside the entry of default is "good cause," and the standard for setting aside a default judgment is excusable neglect under Rule 60(b).  EEOC v. Mike Smith Pontiac GMC, Inc., 896 F.2d 524, 528 (11th Cir.1990) (holding that the distinction is important because the standard for the default judgment is more rigorous).  Rule 60(b)(1) & (6) permits the setting aside of a default judgment for

---

[19]   See docket 33-3.  An email from a clerk's office employee confirms that he attempted to obtain a login and password for electronic filing.

[20]   See dockets 31, 32 & 33.

"mistake, inadvertence, surprise, or excusable neglect" or for "any other reason that justifies relief." To establish excusable neglect, the defaulting party must show the following three factors: "(1) it had a meritorious defense that might have affected the outcome; (2) granting the motion would not result in prejudice to the non-defaulting party; and (3) a good reason existed for failure to reply to the complaint." In re Worldwide Web Sys., Inc., 328 F.3d 1291, 1295 (11th Cir. 2003).

A meritorious defense is one that is likely to be successful, properly supported by a factual basis. Monticello Ins. Co. v. Dynabilt Mfg. Co., Inc., 2005 WL 3019241, at *2 & n. 1 (M.D. Fla. 2005) (citing In re Worldwide Web, 328 F.3d at 1296, and Turner Broadcasting Sys., Inc. v. Sanyo Elec., Inc., 33 B.R. 996, 1002 (N.D. Ga. 1983), and other circuit courts in accord). "[C]ourts have given special weight to the principle that the injured party has a right, as a named defendant, to defend against an action brought by the plaintiff insurance company." Florida law does not contradict these principles. Monticello, at *3. If a meritorious defense is asserted, then setting aside the default judgment must not unduly prejudice the plaintiffs. Last, a "good reason" must exist for the defaulting parties not to have defended the action.

## ANALYSIS

"[A]bsent state law to the contrary, a case or controversy exists between an injured party not party to an insurance contract and an insurer in a declaratory judgment action instituted by the insurer which names the injured party as a defendant." Monticello, 2005

-6-

WL 3019241, at * 2 (citing <u>Maryland Cas. Co. v. Pacific Coal & Oil Co.</u>, 312 U.S. 270,

61 S. Ct. 510, 85 L. Ed. 826 (1941) and <u>Dairyland Ins. Co. v. Makover</u>, 654 F.2d 1120,

1123 (5th Cir. 1981)).  Gondeck, O'Malley and ESP, injured parties who were not parties

to the insurance policy at issue, were named as defendants by Max Specialty, the insurer.

Gondeck and O'Malley had already filed a suit against A Clear Title in a federal court in

Illinois.  While Gondeck and O'Malley's attorney accepted service, the exact date on

which the response to the amended complaint was due is unclear.  ESP, however, was

never served by any method of any pleading at any stage of this action, and was informed

of this action only when its attorneys learned of it.[21]

First, these Defendants assert meritorious affirmative defenses.  The defenses call

into question the statements contained in the sole affidavit in support of granting the

default judgment, specifically that it has not been proven that Keith Brown was an

employee of A Clear Title at the time the application was completed.  Only if Keith

Brown was an employee might it have been a misrepresentation to not list him on the

application.  If he was an employee, the failure to list him on the application has not been

proven to constitute a misrepresentation material to the issuance of the policy.  Assuming

---

[21]    ESP did not waive any challenge to personal jurisdiction.  ESP's attorneys
placed telephone calls and wrote emails to the attorney for Max Specialty beginning
September 25, 2012.  The attorney for ESP continued to attempt to contact the attorney
for Max Specialty by telephone and email on October 5, and again on October 9;
however, no mention was made to ESP of the entry of the default judgment.  More emails
were sent on October 11 and 24, and on October 24, ESP was told that a final judgment
had been entered, and the insurance policy rescinded.

the policy provides coverage, Gondeck has raised claims in the Illinois action that would be afforded coverage.[22] The Defendants have also raised the defense that the President of A Clear Title denied any dishonest or criminal acts in the Illinois litigation, and the supporting affidavit filed in this action states the criminal conduct alleged in his indictment as a reason for exclusion from the policy without disclosing any further resolution of the criminal matter.

Second, granting the motion would not result in prejudice to the non-defaulting party, other than the fact Max Specialty will have to litigate the matter.  Little time has passed since the entry of the default and default judgment.  On the other hand, any decision regarding the rescission of the policy would affect the ongoing lawsuit in Illinois brought by Gondeck and O'Malley.

Finally, a good reason existed for failure to reply to the complaint.  Gondeck and O'Malley were never personally served, but their attorney offered to accept service on their behalf.  The precise date that their answers and defenses were due is not necessarily clear from the correspondence, however, which leaves a question of whether the time for filing had not yet passed when the default was entered.  ESP's case for not answering the amended complaint is even stronger.  ESP was never served, and its attorney never

---

[22]   With respect to O'Malley's claim, the defense is raised that the amended complaint does not request relief as to his specific claim.  <u>See</u> docket 33-4, at Fifth Affirmative Defense.

accepted service on its behalf, nor was he asked to do so.  Based on this record, the Court

chooses to exercise its discretion to set aside the default and default judgment.[23]

It is **ORDERED AND ADJUDGED** as follows:

(1)     The Motion to Set Aside Entry of Default and Default Final Judgment

Against A Clear Title and Escrow Exchange, LLC filed by James Gondeck

and Peter G. O'Malley (Dkt. 33) is **GRANTED**.

(2)     The Clerk is directed to set aside the Default Judgment at docket 31 and the

default at docket 23.

(3)     The Clerk is directed to **REOPEN** the case.

(4)     The Defendants shall file a response to the Amended Complaint within ten

(10) days of this date.

**DONE AND ORDERED** at Tampa, Florida, on December 4, 2012.


    s/*Richard A. Lazzara*

**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**


COPIES FURNISHED TO:
Counsel of Record

---

[23]   See Wilson v. Farley, 203 F.App'x 239 (11th Cir. 2006) (unpublished opinion)
(affirming district court's discretionary decision to set aside default judgment).