**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**


MAX SPECIALTY INSURANCE COMPANY,

     Plaintiff,

v.                                   CASE NO: 8:12-cv727-T-26MAP

A CLEAR TITLE AND ESCROW EXCHANGE LLC,
JAMES GONDECK, PETER G. O'MALLEY,
SUNSTONE GROUP LLC, EYE IN THE SKY
PICTURES, INC., QUEST CAPITAL, WILSON
DEVELOPMENT, LLC, and PHOENIX
CARE LIMITED,

     Defendants.
                                  /


**O R D E R**

Before the Court is the Motion of Michael Patey and Skyline II, Inc., to Intervene as Cross-Claimants (Dkt. 47), the Declaration of Bridget Zerner in support of the motion (Dkt. 48), the Memorandum in Opposition filed by Max Specialty Insurance Company (Max Specialty) (Dkt. 53), and the Reply (Dkt. 56).  After careful consideration of the arguments and the status of the case, the Court concludes that the motion should be denied.

Michael Patey (Patey), a Utah resident, and Skyline II, Inc. (Skyline), a Utah corporation, obtained a default final judgment against A Clear Title and Escrow Exchange LLC (Clear Title) in the amount of $500,000.00 for Patey and $750,000.00 for

Skyline on July 16, 2012, in the Middle District of Florida.[1]  Patey and Skyline seek to

intervene in this action as cross-claimants against Max Specialty to enforce the final

judgment obtained in that suit pursuant to section 627.4136 of the Florida Statutes.

Because Patey and Skyline contend they are persons required to be joined under Rule

19(a)(1)(A) and (B), Federal Rules of Civil Procedure, Patey and Skyline argue that they

may intervene as of right under Rule 24(a) of the Federal Rules of Civil Procedure.

Max Specialty counters that, as the insurer of Clear Title, it was never given notice

of any claim associated with the underlying policy at issue in the default final judgment

obtained by Patey and Skyline against Clear Title.  It argues that its failure to receive

notice, either from Clear Title or Patey and Skyline, prohibited it from defending Clear

Title and also never triggered coverage by making a claim under the policy.  The

submissions of the parties at this stage of the proceeding seem to indicate that Max

Specialty did at least have notice of the claim through notice of a lawsuit filed in federal

court in Utah in 2010 by Patey and Skyline against Clear Title which was eventually

dismissed for improper forum and improper venue based on a motion filed by attorneys

retained by Max Specialty to defend Clear Title in that action.  Importantly, however, is

the fact that Max Specialty was never joined in the proceedings in the federal lawsuit

filed in this district which resulted in a default final judgment against Clear Title.

---

[1]  See Michael Patey and Skyline II, Inc. v. A Clear Title and Escrow Exchange, LLC, No. 8:12-cv-212-T-33TBM, at docket 19.

The intervenors seek to interject themselves into this action by filing a cross-claim against Max Specialty, the insurer of Clear Title, pursuant to Florida's nonjoinder statute, section 627.4136. The proposed cross-claim seeks to enforce the judgment obtained in the Florida case.[2] The nonjoinder statute as amended, however, provides for a streamlined method for joining the insurer in the already pending lawsuit, not a new one, presuming the conditions precedent of the statute can be met. See Hazen v. Allstate Ins. Co., 952 So. 2d 531, 536-37 (Fla. Dist. Ct. App. 2007) (explaining new procedures adopted by the Florida legislature in the 1990 amendment to the nonjoinder statute for the joinder of insurers in pending litigation such that an independent action against an insurer after entry of judgment against an insured is no longer required). Significantly, another district judge of this district has ruled (a ruling with which this Court agrees) that section 627.4136(1) is substantive, not procedural, and therefore a federal court, in exercising diversity jurisdiction, must apply this Florida statute under the Erie doctrine.[3] See Allstate Ins. Co. v. Stanley, 282 F. Supp. 2d 1342, 1343 (M.D. Fla. 2003). Consequently, this Court finds that the nonjoinder statute prohibits intervention in this lawsuit by Patey and Skyline. Patey and Skyline may seek relief under the auspices of section 627.4136 in

---

[2] The intervenors assert that "[w]hile the existing parties may adequately represent the interests of Patey and Skyline with respect to the issues of whether Max Specialty provides coverage . . . the other parties are adverse with respect to how any proceeds of the insurance policy might be distributed." See docket 47 at p. 8.

[3] See Erie R. Co. v. Tompkins, 304 U.S. 64, 78, 58 S.Ct. 817, 822, 82 L.Ed. 1182 (1938) (holding that a federal court sitting in diversity must apply the substantive law of the forum state).

the case in which they obtained default final judgments against Clear Title.  Whether such

relief is available based on timeliness and coverage is for the district judge assigned that

case to resolve.  See C.A. Seguros Catatumbo v. Herrera, 812 So. 2d 576 (Fla. Dist. Ct.

App. 2002) (timeliness); State Nat'l Ins. Co. v. Roberts, 71 So. 3d 238 (Fla. Dist. Ct. App.

2011) (coverage).

It is therefore **ORDERED AND ADJUDGED** that the Motion of Michael Patey

and Skyline II, Inc. to Intervene as Cross-Claimants (Dkt. 47) is **DENIED.**

**DONE AND ORDERED** at Tampa, Florida, on December 10, 2012.


s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**


COPIES FURNISHED TO:
Counsel of Record