UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MAX SPECIALTY INSURANCE COMPANY,

    Plaintiff,

v.                                                                  CASE NO: 8:12-cv-727-T-26MAP

A CLEAR TITLE AND ESCROW EXCHANGE, LLC,
JAMES GONDECK, PETER G.O. O'MALLEY,
SUNSTONE GROUP LLC, EYE IN THE SKY
PICTURES, INC., QUEST CAPITAL, WILSON
DEVELOPMENT, LLC, and PHOENIX
CARE LIMITED,

    Defendants.
                                                /

**O R D E R**

Before the Court is Max Specialty Insurance Company's Motion for Summary Judgment as to Peter G. O'Malley (Dkt. 96),[1] and the Memorandum in Opposition (Dkt. 101). After careful consideration of the motion, the applicable law, and the entire file, the Court concludes the motion should be denied.

**BACKGROUND**

---

[1] The Motion refers to Exhibits A-E; however, there is no Exhibit B attached. Upon further review, Court finds the exhibits are mislabeled from C through F, which should have been labeled B through E.

Plaintiff Max Specialty Insurance Company (Max Specialty) issued a "Title Agents, Abstractors and Escrow Agents Professional Liability Insurance Policy" to A Clear Title and Escrow Exchange LLC (Clear Title) for the policy period August 20, 2010, to August 20, 2011.  In May 2010, Keith Brown was employed by Clear Title as an escrow agent; however, on the application for insurance that was executed on July 26, 2010, Mr. Brown is not listed as an employee.[2]  The three employees listed included Stephen J. Cormier, as an escrow agent, and two other individuals.[3]

There is no wrongdoing alleged against Mr. Brown; however, Mr. Cormier, a managing member of Clear Title at various times,[4] fraudulently disbursed funds from escrow accounts as the sole signatory to unauthorized recipients and created fraudulent reports to investors regarding the balances on deposit in the escrow accounts during the policy period.  Multiple probable cause affidavits were filed by state detectives for the

---

[2]   See docket 11, Exh. A, pp. 1-3 of 33.

[3]   The two other individuals are Edward F. Whittemore as lawyer, and Victoria Butler as title agent.  See docket 11, Exh. A, p. 1 of 33.

[4]   Three managing members were listed for Clear Title as of January 5, 2010: Mr. Cormier, Edward Whittemore and Justyna Michalowska.  See docket 86-1, Exh. C, p. 15 of 30.  Mr. Cormier resigned as a managing member of Clear Title from approximately September 21, 2010, through December 13, 2010.  See docket 86-1, Exh. D, pp. 18-20 & Exh. F, pp. 27-28 of 30.  Mr. Whittemore resigned as a managing member on November 19, 2010.  See docket 86-1, Exh. E, pp. 22-23 of 30.  Ms. Michalowska was removed as a managing member on December 13, 2010.  See docket 86-1, Exh. F, pp. 27-28 of 30.  Mr. Cormier was the sole managing member from December 13, 2010, through at least April 29, 2011.  See docket 86-1, Exh. G, p. 30 of 30.
The Court also notes that it previously referred to Mr. Cormier as the sole owner of Clear Title; however, O'Malley raises issues of fact as to whether this statement is true with respect to all material times.

grand theft of money from the escrow accounts.[5]  One of the escrow accounts was opened at Fifth Third Bank in Venice, Florida, in May 2010.  Mr. Cormier was eventually charged in the Middle District of Florida on one count of conspiracy to commit wire fraud, resulting from his defalcation of monies held in escrow.[6]  Mr. Cormier pleaded guilty on March 6, 2013, as charged[7] and admitted to fraudulently disbursing $4.7 million from the Fifth Third escrow account including money on deposit from "P.O.M. from Illinois" which stands for Peter G. O'Malley.[8]

In this action, Max Specialty seeks declaratory relief and rescission of the policy.[9]  The rescission count is based on the allegations that Clear Title failed to disclose Mr. Brown's professional employment and, had it done so, Max Specialty would not have issued the policy on the same terms for the same premium.  Consequently, Max Specialty seeks a declaration in count I that the policy is void and rescinded because Clear Title made material misrepresentations in failing to disclose Mr. Brown as an employee.  The present motion for summary judgment does not seek relief on the rescission count.

---

[5]  See docket 11, Exh. D.  According to the allegations of the Amended Complaint, Mr. Cormier was indicted in state court for multiple counts of grand larceny stemming from his actions of taking the money from the escrow account.

[6]  See docket 1 in United States v. Stephen J. Cormier, Case No. 8:13-cr-81-T-24TBM.

[7]  See docket 13 in United States v. Stephen J. Corkier, Case No. 8:13-cr-81-T-24TBM. He has not yet been sentenced.

[8]  See docket 94-2, p. 22 of 23, Exh. C at Section B (Standard Terms and Conditions), para.10 (Factual Basis), section l (under Facts).

[9]  See docket 11, Amended Petition for Declaratory Relief and Rescission.

In three additional counts, Max Specialty addresses the claims of individuals and entities that deposited money in the escrow accounts. The Amended Complaint alleges that monies held in escrow for several transactions were stolen by Mr. Cormier, resulting in a state court indictment for grand larceny. Max Specialty seeks declarations that the claims of the entities and individuals who placed money in the escrow account are excluded from coverage pursuant to the criminal acts exclusion of the policy. Peter G. O'Malley is one of the individual victims of the crime, and is listed as a Defendant in this case, although there is no separate count against him in the Amended Complaint. There is pending in the Northern District of Illinois a lawsuit titled, <u>James Gondeck and Peter G. O'Malley v. A Clear Title and Escrow Exchange, LLC, et al.</u>, Case No. 11-cv-6341, which was filed on September 12, 2011, in which Corkier and Clear Title have denied any dishonest and criminal acts.[10]

On November 4, 2010, O'Malley deposited $250,000.00 into Clear Title's escrow account.[11] As of November 29, 2010, the balance of the escrow account was $1,459.27.[12] O'Malley's demand for the return of the escrow money was denied. Max Specialty

---

[10]  <u>See</u> docket 58 (Answer and Defenses). The Illinois lawsuit was amended on March 23, 2012, to add Ms. Michalowska as a co-defendant.

[11]  Max Specialty attached the escrow agreement pertaining to Eye in the Sky, Inc., rather than the escrow agreement of O'Malley's. O'Malley admits, however, that Clear Title agreed to act as escrow agent with respect to the funds he deposited into Clear Title's escrow account. <u>See</u> docket 101, p. 3.

[12]  Mr. Cormier was not a managing member of Clear Title from November 4 through 29, 2010.

requests in this motion for summary judgment that this Court declare that no coverage exists under the policy for the damages suffered by O'Malley.

. **THE PROFESSIONAL LIABILITY POLICY**

The policy provides coverage for the professional liability of title agents, abstractors, and escrow agents.[13] The policy insures claims made by reason of a wrongful act in the performance of or failure to perform professional services by the insured.[14] A wrongful act is defined as an actual or alleged "act, error, omission, misstatement, misleading statement, neglect or breach of duty" in the performance of professional services.[15] Professional services include services performed for others for a fee in the capacity as an escrow or closing agent.[16] Section III of the policy provides for exclusions and excludes in pertinent part:

> [A]ny "Claim" against the "Insured";
> . . . .
>
> f. Based on or directly or indirectly arising out of or resulting from:
> . . . .
>
> (4)  Any criminal, fraudulent, or dishonest act.  However, we shall defend such allegations against the "Insured" if it

---

[13]  See docket 11, Exh. B.

[14]  See docket 11, Exh. B at Section I-1.

[15]  See docket 11, Exh. B at Section II-O.

[16]  See docket 11, Exh. B at Section II-I.

>  involves a "Claim" otherwise covered under the Policy until final adjudication; . . .[17]

An "Insured" is defined in pertinent part as follows:

>  the "Named Insured"[18] and:
>
>  (1) any past, present or future principal, partner, officer, director, stockholder, trustee or employee of the "Named Insured" but only with respect to "Professional Services" performed on behalf of the "Named Insured"; . . .[19]

## SUMMARY JUDGMENT STANDARD

Summary judgment is properly granted where there is no genuine dispute regarding a material fact. Fed.R.Civ.P. 56(a). A summary judgment is an appropriate vehicle for interpretation of an insurance contract as a question of law. See, e.g., Technical Coating Applicators, Inc. v. U.S. Fidelity Guar., Co., 157 F. 3d 843 (11th Cir. 1998); Talat Enters., Inc. v. Aetna Life & Cas., 952 F. Supp. 773, 776 (M.D. Fla. 1996). The policy, however, must contain clear and unambiguous wording to resolve the issue as a matter of law. Talat, 952 F. Supp. at 776.

## ANALYSIS

---

[17] See docket 11, Exh. B at section III-f.(4).

[18] "'Named Insured' means the entity or person named in the Declaration." See docket 11, Exh. B (the policy) at p. 2. The policy lists Clear Title as the Named Insured.

[19] See docket 11, Exh. B at section II-F(1).

O'Malley's argument differs from Eye in the Sky's, which was the subject of a separate summary judgment.[20] O'Malley contends (1) the criminal acts exclusion only bars coverage for claims against Mr. Cormier, but not Clear Title absent criminal conduct on the part of Clear Title, (2) there is no proof that the escrow funds were withdrawn while Mr. Cormier was a managing member of Clear Title, and, if not, Mr. Cormier was not an insured, and therefore the criminal acts exclusion would not apply, and (3) the underlying litigation remains pending and therefore any declaration as to the duty to indemnify is premature. The Court finds O'Malley's argument persuasive.

Genuine issues of fact exist with respect to whether Clear Title is an innocent insured,[21] and whether Mr. Cormier was a managing member of Clear Title, and therefore a covered insured, when he misappropriated the escrow funds. There is pending litigation in Illinois in which O'Malley has alleged, in part, negligent supervision on the part of Clear Title. Until the facts in the underlying claim have been resolved, a decision regarding the duty to indemnify would be premature. See Northland Cas. Co. v. HBE Corp., 160 F.Supp.2d 1348, 1360 (M.D. Fla. 2001).[22]

---

[20] See this Court's order of June 12, 2013, at docket 90.

[21] The arguments made relying on Golden Door Jewelry Creations, Inc. v. Lloyds Underwriters Non-Marine Ass'n, 117 F.3d 1328 (11th Cir. 1997), were not raised by Eye in the Sky, and this Court did not consider them in its ruling of June 12, 2013.

[22] See also cases following Northland: Philadelphia Indem. Ins. Co. v. Hamic, No. 8:12-cv-829-T-26EAJ, 2012 WL 3835088 (M.D. Fla. Jul. 27, 2012); Woodruff & Sons, Inc. v. Central Mut. Ins. Co., No. 8:12-cv-181-T-24MAP, 2012 WL 695667 (M.D. Fla. Mar. 5, 2012); National Union Fire Ins. Co. of Pittsburgh, Pa. v. Beta Constr. LLC, 816 F.Supp.2d 1256, 1261 (M.D. Fla. 2011).

It is therefore **ORDERED AND ADJUDGED** that Max Specialty Insurance Company's Motion for Summary Judgment as to Peter G. O'Malley (Dkt. 96) is **DENIED** as premature. This case is hereby stayed until the resolution of the pending action in Illinois. The parties shall immediately advise this Court when that case has concluded, as well as the outcome of that case. The Clerk is directed to administratively close this case during the period of the stay.

**DONE AND ORDERED** at Tampa, Florida, on August 2, 2013.

s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

<u>**COPIES FURNISHED TO**</u>:
Counsel of Record